UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                           Case No. 06-10672-DHW
                                                Chapter 13
STEVEN D. BAXTER and
WENDY BAXTER,

        Debtors.

## MEMORANDUM OPINION

Curtis C. Reding, chapter 13 trustee, filed a motion to modify the confirmed plan in this case. The trustee requests that the non-exempt, net proceeds due to the debtors from settlement of a lawsuit be paid under the plan for the benefit of unsecured creditors. The debtors object to the motion. A hearing to consider the motion was held on May 9, 2007. Subsequent to the hearing, the parties filed a joint statement of stipulated facts and respective briefs of law.

### Jurisdiction

The court's jurisdiction derives from 28 U.S.C. § 1334 and from the general order of the United States District Court for this district referring title 11 matters to the Bankruptcy Court. Further, because the issue here concerns the confirmation of a plan, this court's jurisdiction extends to the entry of a final order or judgement pursuant to 28 U.S.C. § 157(b)(2)(L).

### Stipulated Facts

A joint stipulation of facts (Doc. #54) has been filed by the parties. The court adopts those facts and summarizes them as follows.

The debtors filed a chapter 13 petition for relief in this court on July 11, 2006. Their plan, which was confirmed on October 12, 2006, provided that certain secured creditors be paid the value of the collateral securing their claims but that unsecured creditors be paid nothing.

On January 16, 2007, the debtors commenced an adversary proceeding

against Capital One Bank, GC Services Limited Partnership, and Intellirisk Management Corporation alleging violations of the automatic stay imposed by 11 U.S.C. § 362 and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. The alleged violations occurred after the date that the plan was confirmed.

On April 2, 2007, the debtors filed a motion seeking court approval of a settlement of the adversary proceeding (Doc. #31). Under the settlement agreement, the net proceeds to be paid to the debtors are $4,500. On April 12, 2007, the trustee filed an objection to the settlement (Doc. #35) and a motion to modify the confirmed plan (Doc. #36). The trustee requests that the non-exempt settlement proceeds be paid not to the debtors but to the trustee for the benefit of unsecured creditors.[1]

**Conclusions of Law**

This case presents two rather perplexing legal issues. The first issue is whether the proceeds from a post-confirmation cause of action are property of a chapter 13 debtor's bankruptcy estate. The second issue is whether those same proceeds, if not property of the estate, constitute disposable income warranting a plan modification.

I. Property of the Estate

The parties frame the issue here as one requiring a determination of whether property acquired by the debtors after confirmation of a chapter 13 plan is property of the bankruptcy estate. Seemingly, the parties agree that if these settlement proceeds are not estate property, they are outside the reach of the trustee and unavailable for distribution under the plan.

Whether a post-confirmation asset is property of a chapter 13 debtor's estate requires the court to examine the interplay between two Bankruptcy Code

---

[1] Subsequently, the debtors amended their schedule of exempt property, Schedule C, to claim $650 of the lawsuit proceeds as exempt (Doc. #57). The trustee does not oppose the exemption claim. Thus, only $3,850 is at issue here ($4,500 less $650).

2

sections. 11 U.S.C. § 1306(a)(1) provides that the bankruptcy estate includes "all property of the kind specified in [§ 541] that the debtor **acquires after the commencement of the case** but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first." (Emphasis added). Here, the parties do not dispute that a post-confirmation cause of action, such as the one asserted by the debtors in the adversary proceeding, is property of the sort described in § 1306 and is therefore estate property.

The second relevant Code section is 11 U.S.C. § 1327(b) which provides that "confirmation of a plan **vests all of the property of the estate in the debtor**." (Emphasis added). Hence, section 1306 includes in the estate most property acquired by the debtor postpetition, but section § 1327 vests property of the estate in the debtor upon the confirmation of the plan.

The vesting provision of § 1327 is at the heart of this dispute. The debtors contend that the cause of action, having accrued post-confirmation, vested in the debtors and is no longer estate property. Therefore, they maintain that the lawsuit settlement proceeds are beyond the reach of the trustee and creditors. The trustee, of course, disputes that contention.

The Court of Appeals for this circuit in *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000), *cert. denied*, 531 U.S. 1073, 121 S. Ct. 765, 148 L. Ed. 2d 666 (2001), dealt with the tension between sections 1306 and 1327. In *Telfair,* the court adopted the "estate transformation approach." That approach was explained as follows:

> while the filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan.

*Id*. at 1340 (quoting *Black v. United States Postal Service (In re Heath)*, 115 F.3d 521, 524 (7th Cir. 1997).

In a subsequent case, applying the holding in *Telfair*, the Eleventh Circuit determined that because a debtor's claim for unpaid wages accrued post-

3

confirmation and the necessity of that claim to carry out the plan was not asserted, the claim was not property of the bankruptcy estate. *Muse v. Accord Human Resources, Inc.,* 129 Fed. Appx. 487 (11th Cir. 2005) (citing *In re Carter*, 258 B.R. 526 (Bankr. S.D. Ga. 2001) and *In re Ross*, 278 B.R. 269 (Bankr. M.D. Ga. 2001), both holding that post-confirmation causes of action were not part of the chapter 13 bankruptcy estates if unnecessary for execution of the plan). *See In re Brown*, 260 B.R. 311, 313 (Bankr. M.D. Ga. 2001) (holding that post-confirmation cause of action for personal injuries is not property of the chapter 13 estate); *In re Tomasevic*, 279 B.R. 358, 362 (Bankr. M.D. Fla. 2002) (holding that a postpetition cause of action for violation of the Real Estate Settlement Procedures Act is not property of the bankruptcy estate).

The trustee, however, cites this court to the holding of the Bankruptcy Court in the Southern District of Georgia in *In re Harvey*, 356 B.R. 557 (Bankr. S.D. Ga. 2006) where the ruling in *Telfair* was distinguished and limited. In *Harvey* the debtor contended that a claim arising from a post-confirmation automobile accident was not property of the estate. The court rejected that contention based, in part, on the holding in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002).

*Burnes* held that a chapter 13 debtor was judicially estopped from prosecuting a discrimination claim begun more than two years after filing the petition because he had intentionally failed to amend his schedules to disclose the claim. The court noted that a debtor has a continuing obligation to amend his schedules even after his plan is confirmed. *Id.* at 1286-88.

The *Harvey* court acknowledged that *Burnes* did not discuss the impact of its ruling on *Telfair*. However, the *Harvey* court reasoned that the *Burnes* panel

> could only have concluded that the debtor's schedules must be amended if it believed that post-confirmation causes of action remain estate property. Otherwise, the failure to amend to reveal those assets could hardly set the stage for a judicial estoppel attack.

*Harvey,* 356 B.R. at 562.

4

This court, however, respectfully disagrees with that reasoning. The debtor's duty to disclose property acquired post-confirmation could be for another purpose — to determine whether plan modification is warranted as a result of additional disposable income.

As in *Telfair*, *Muse*, *Carter*, and *Ross*, the cause of action in the case at bar accrued post-confirmation. That claim is unnecessary for the execution of the current plan. Therefore, the court finds that the proceeds from that claim are not property of the bankruptcy estate.

II. Plan Modification and Disposable Income Test Requirements

This case then turns on whether funds, which are not estate property, may be considered under the disposable income requirement of 11 U.S.C. § 1325(b)(1) in a post-confirmation plan modification scenario.

By statute, the trustee may request a modification of a confirmed chapter 13 plan in order to increase the amount of payments on claims of a particular class of creditors. The exact text provides:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

11 U.S.C. § 1329(a)(1). In the case at bar, the trustee moves to modify the plan to increase the payments (currently 0%) to unsecured creditors predicated on the additional disposable income provided by the settlement proceeds.

A chapter 13 plan, which proposes to pay unsecured creditors less than in full, can be confirmed in the first instance only if the "disposable income test" of § 1325(b)(1) is met.[2] Yet, it is unclear whether the disposable income test

---

[2] In general, the disposable income test requires debtors in composition plans to pay all of their disposable income for the benefit of unsecured creditors over the

5

applies to a post-confirmation modification. The Code provides: "Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section." 11 U.S.C. § 1329(b)(1).

Conspicuously missing from this list of applicable provisions are the disposable income provisions of § 1325(b). The exclusion has led some courts to conclude that the disposable income test is inapplicable for plan modification purposes. *See Forbes v. Forbes (In re Forbes)*, 215 B.R. 183 (B.A.P. 8th Cir. 1997); *In re Young*, 2007 WL 1880713 (Bankr. E.D. Wis. July 2, 2007); *In re Sounakhene*, 249 B.R. 801, 805 (Bankr. S.D. Cal. 2000).

Clearly, section 1329 makes the provisions of section 1325(a) applicable to modified plans. 11 U.S.C. § 1329(b)(1). Section 1325(a) begins with the phrase "[e]xcept as provided in subsection (b) . . . ." The exception for subsection (b) found in subsection (a) has the effect of capturing both subsections making the disposable income requirement of § 1325(b) applicable to modified plans. Further, section 1325(a)(1) makes all other provisions of chapter 13 applicable to plan confirmation. The disposable income requirements are a provision of chapter 13. Therefore, this court finds that the disposable income provisions of § 1325(b)(1) are applicable to plan modifications.[3]

Disposable income may include property that is not property of the estate. Recently, this court considered whether exempt income entered into the calculus for determining the debtor's disposable income under § 1325(b)(2). *In re Salter*, 2007 WL 1076686 (Bankr. M.D. Ala. April 6, 2007) (lump sum disability benefit accruing post-confirmation).[4] The court, following most others that have

---

applicable commitment period.

[3] This holding is all the more practicable when routinely and as a matter of course, debtors modify plans to reduce payments to creditors based on a diminution of disposable income.

[4] The Social Security benefit was claimed by the debtor as exempt pursuant to 42 U.S.C. § 407(a) which specifically exempts those benefits from the operation of bankruptcy law.

6

considered the issue, reasoned that nothing in the statutory definition of "disposable income" limits it to only income that is not exempt. Applying that logic in the present case, nothing in the statutory definition limits disposable income to only income that is property of the estate.

## Conclusion

For these reasons, the court finds that while the proceeds of a post-confirmation cause of action are not property of the chapter 13 estate, they are nevertheless properly considered as additional disposable income warranting modification of the plan. Pursuant to Fed. R. Bankr. Proc. 9021, a separate order consistent with this opinion will enter overruling the objection filed by the debtors and granting the motion filed by the trustee to modify the plan.

Done this the 20th day of August, 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
Michael D. Brock, Debtors' Attorney
David G. Poston, Debtors' Attorney
Curtis C. Reding, Jr., Trustee
Sabrina L. McKinney, Trustee's Attorney