UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                Case No. 06-10672-DHW
                                                     Chapter 13
STEVEN D. BAXTER
WENDY BAXTER,

        Debtors.


ORDER DENYING REQUEST FOR
CERTIFICATION FOR DIRECT APPEAL

The chapter 13 trustee filed a request for certification under 28 U.S.C. § 158(d)(2) for the appeal of an order directly to the Court of Appeals for the Eleventh Circuit. The order granted the trustee's motion to modify the plan over the debtor's objection. The request states that the debtor has no objection to the certification.[1]

The trustee filed the motion to modify the plan to capture non-exempt, net proceeds due to the debtors from the settlement of a postpetition cause of action. The debtors objected, contending that the settlement proceeds were not property of the estate. The parties submitted the motion for decision on the one issue. The court held that the proceeds, though not property of the estate, nevertheless constituted disposable income which the debtors were required to pay to the trustee for the benefit of unsecured creditors.

The chapter 13 trustee filed this request for a certification under 28 U.S.C. § 158(d)(2)(A) to form the basis of an appeal directly to the Eleventh Circuit Court of Appeals. The requirements for certification are not met in this case. First, this case is not a matter of first

---

[1] However, the debtor did not join the request for certification.

impression in the Eleventh Circuit. The order relies on the controlling decision of *Telfair v. First Union Mortgage Corp.*, 216 F.3d 1333 (11th Cir. 2000), *cert. denied*, 531 U.S. 1073 (2001). 28 U.S.C. § 158(d)(2)(A)(i). Neither is the matter of public importance because, given the court's ruling that the proceeds constitute disposable income, a reversal on appeal will not significantly enhance the trustee's ability to capture property for the benefit of unsecured creditors.

Second, the order does not involve a "question of law requiring resolution of conflicting decisions." 28 U.S.C. § 158(d)(2)(A)(ii). The controlling decisions of the Eleventh Circuit on this issue are not in conflict. *See Muse v. Accord Human Resources, Inc.*, 129 Fed. Appx. 487 (11th Cir. 2005). It appears that the majority of lower court decisions in this circuit are in accord with the ruling.

Third, an immediate appeal would not "materially advance the progress of the case." 28 U.S.C. § 158(d)(2)(A)(iii). The court ruled that the proceeds were payable to the trustee as disposable income. There has been no appeal of this portion of the order. Therefore, the chapter 13 case will proceed as normal, and the proceeds will be distributed to creditors by the trustee pursuant to the chapter 13 plan. The appeal will have no effect on the proceeds in the underlying chapter 13 case.

For the above reasons, the request does not meet the grounds for certification and is due to be denied. However, in addition, the court notes that the decision was submitted to the court on the sole issue of whether the proceeds were property of the estate. The trustee asserted no alternative ground for relief. The court concluded that the trustee did not consider the proceeds disposable income. The trustee

now belies that conclusion.[2] If the trustee intended to obtain a ruling on the estate property issue without relinquishing any alternative grounds for relief, the trustee was requesting a virtually advisory opinion.

It is hereby ORDERED that the request for certification is DENIED. The court reserves its right to supplement its order denying the motions to reconsider the order on the trustee's motion to modify the plan.

Done this 24th day of September 2007.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Michael D. Brock, Attorney for Debtors
   Curtis C. Reding, Trustee

---

[2] However, the court notes that the trustee did not oppose the debtor's claim of exemption to a portion of the proceeds. This is not consistent with the trustee's current position that the proceeds constitute disposable income.